UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-51040-AEC |
| | ) | |
| JEFFREY MARTINEZ | ) | |
| RONNA LYNN MARTINEZ | ) | |
| | ) | |
| DEBTORS | ) | CHAPTER 13 |

**NOTICE OF DEBTORS' MOTION TO MODIFY PLAN AFTER CONFIRMATION**

JEFFREY MARTINEZ AND RONNA LYNN MARTINEZ HAVE FILED DOCUMENTS WITH THE COURT TO MODIFY THEIR CONFIRMED PLAN.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. **If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant or at the Clerk's office.

If you do not want the court to confirm the debtor's proposed plan or you want the court to consider your views on the proposed plan, then you or your attorney shall file with the court a written objection or response on or before **September 26, 2017,** pursuant to FRBP 9006(f). If you are receiving this notice by mail, you may add 3 days to the response date stated above. The objection or response should be sent to:

Clerk, U.S. Bankruptcy Court
Middle District of Georgia
P.O. Box 1957
Macon, GA 31202
(478) 752-3506

**If an objection or response is filed, a hearing on the motion shall be held on:**

**October 18, 2017** at **9:30 a.m.** at the U.S. Bankruptcy Court, Courtroom B
**433 Cherry St., Macon, GA 31201**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection must also be served on the movant.

**If you or your attorney do not take these steps, the court may decide you do not oppose the relief sought in the motion and may enter an order granting relief.**

The debtors propound this notice pursuant to FRBP 3015 and M.D. Ga. LBR 3015-2.

This **5th** day of **September, 2017.**

                                                  /s/ Danny L. Akin

Akin, Webster & Matson, P.C.        Danny L. Akin
P.O. Box 1773                             Attorney for Debtors
Macon, GA 31202                     State Bar No. 006350
(478) 742-1889
dlakin@akin-webster.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-51040-AEC |
| | ) | |
| JEFFREY MARTINEZ | ) | |
| RONNA LYNN MARTINEZ | ) | |
| | ) | |
| DEBTORS | ) | CHAPTER 13 |

## MOTION TO MODIFY PLAN AFTER CONFIRMATION

Come now, Jeffrey Martinez and Ronna Lynn Martinez, Debtors in the above styled case, and file this Motion to Modify Plan After Confirmation pursuant to 11 U.S.C. § 1329 and show the Court the following:

1.

The Debtors filed a chapter 13 petition pursuant to Title 11 of the United States Code on May 13, 2017. Camille Hope is the duly appointed Chapter 13 Trustee.

2.

The Debtors have experienced a substantial increase in medical expenses due to a post-petition diagnosis of the recurrence of a serious medical condition that will require extensive and expensive treatment. The Debtors wish to modify their Chapter 13 Plan. The modified plan is attached and contains the following changes:

1. Reduce the plan payment to $800.00 monthly in section 1;
2. Reduce monthly payment to Fidelity Bank and Midsouth Community Federal Credit Union in section 2(e);
3. Remove the amount to be distributed prorata to general unsecured creditors in section 2(n)(iii);
4. Decrease the dividend to general unsecured creditors to 0% in section 2(o)(b);
5. No other changes.

Wherefore, the Debtors respectfully request that the Court enter an order confirming their modified plan.

This **5th** day of **September, 2017.**

                                                                   /s/ Danny L. Akin

Akin, Webster & Matson, P.C.         Danny L. Akin
P.O. Box 1773         Attorney for Debtors
Macon, GA 31202         State Bar No. 006350
(478) 742-1889
dlakin@akin-webster.com

## GEORGIA, BIBB COUNTY

Personally appeared before the undersigned attesting officer, authorized by law to administer oaths, the deponent signatory hereto, who, after being first duly sworn, deposes and says that the facts set out in the foregoing documents are true and correct.

_____

_____

Sworn to and subscribed before me this 28th day of August, 2017.

_____Christina M. White_____
NOTARY PUBLIC
My Commission Expires: 6/21/19

(SEAL) Christina M. White
Notary Public - State of Georgia
Jones County
My Comm. Expires 6/21/19

**United States Bankruptcy Court**
**Middle District of Georgia, Macon Division**

**IN RE:**  Case No. **17-51040**
**Martinez, Jeffrey & Martinez, Ronna Lynn**  Chapter **13**
Debtor(s)

# MODIFIED CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $ **800.00** [ ] weekly [ ] bi-weekly [ ] semi-monthly **[X]** monthly. (If the payments change over time include the following.)

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| Name of Creditor | Month of First Payment Under Plan | Monthly Payment Amount |
|---|---|---|
| **None** | | |

(c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| Name of Creditor | Amount |
|---|---|
| MidSouth CCU | 100.00 |
| Fidelity Bank | 140.00 |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See § 1325(a)*

| Name of Creditor | Amount Due | Interest Rate | Collateral | Monthly Payment |
|---|---|---|---|---|
| | | | | |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| Name of Creditor | Amount Due | Value | Interest Rate | Collateral | Amount |
|---|---|---|---|---|---|
| **Fidelity Bank** | **16,000.00** | debt | **4.50** | | **350.00** |
| **Midsouth Community Federal Credit Union** | **20,125.00** | debt | **4.50** | | 350.00 |

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $ **3,250.00** to be paid as follows:

| | Amount |
|---|---|
| Pursuant to the Administrative Order on Attorney Fee Awards | Per Order |
| | |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts, duly proven and allowed as follows:

| Creditor | | | Value | Rate | Collateral |
|---|---|---|---|---|---|
| | | | | | |

(h) The following collateral is surrendered to the creditor:

| Name of Creditor | Description of Collateral |
|---|---|
| **Branch Banking And Trust Company** | **2006 Coachman Pull Behind** |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will not be made simultaneously with payment of the secured debt and will not include interest at the rate of _____%. (If this is left blank, no interest will be paid.)

| Name of Creditor | Payment Amount |
|---|---|
| **None** | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will not be made simultaneously with payment of the secured debt: **None**.

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:
**Fifth Third Bank - Regular monthly mortgage payment on Debtors' residence.**

(m) Special provisions: UPON COMPLETION OF THE PLAN AND DISCHARGE - ANY PRE-PETITION DEFAULT IN REAL ESTATE MORTGAGE CONTRACTS TREATED UNDER THE PLAN WILL BE CONSIDERED CURED AND PAID IN FULL, INCLUDING ANY PRE-PETITION ATTORNEY'S FEES OR COSTS OF COLLECTION.  ALL TITLES TO VEHICLES SERVING AS COLLATERAL FOR CLAIMS PAID THROUGH THE PLAN WILL BE RETURNED TO THE DEBTOR(S) WITH LIENS RELEASED.  ANY REAL PROPERTY SURRENDERED TO UNDER THE PLAN WILL BE TRANSFERRED TO THE FIRST PRIORITY SECURED CLAIMANT, OR ANY SUCCESSOR IN INTEREST THERETO, BY QUIT CLAIM DEED FOLLOWING CONFIRMATION OF THE PLAN.  DELIVERY AND ACCEPTANCE BY THE SECURED CLAIMANT WILL BEPRESUMED BY RECORDATION OF THE QUIT CLAIM DEED.  ANY NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTERESTS IN HOUSEHOLD GOODS OR FURNISHINGS NOT PROVIDED FOR IN PARAGRAPH (d) ABOVE WILL BE VOID AND OF NO EFFECT.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three) Not Applicable - Debtors have experienced and extreme change of circumstances.

    (i) Debtor will pay all of his disposable income as shown on Form B22C of $ ____ to the non priority unsecured creditors in order to be eligible for a discharge.

    (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $ ____. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

    (iii) The debtor will pay **$** to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

    (a)  dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

    (b) the debtor(s) will make payments for **58** months and anticipate a dividend of **0 %**, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii), or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The chapter13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Dated: **August 26, 2017**

/s/ Jeffrey Martinez  
Debtor  
/s/ Ronna  Martinez  
Debtor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-51040-AEC |
| | ) | |
| JEFFREY MARTINEZ | ) | |
| RONNA LYNN MARTINEZ | ) | |
| | ) | |
| DEBTORS | ) | CHAPTER 13 |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the Notice of Motion to Modify Plan After Confirmation and the Motion to Modify Plan After Confirmation via electronic notice upon:

| | |
|---|---|
| Camille Hope | Branch Banking & Trust Company |
| Chapter 13 Trustee | c/o Elizabeth A. Struhldreher, Esq. |
| docomt@chapter13macon.com | stuhldreherlaw@gmail.com |
| | |
| Fidelity Bank | |
| c/o William J. Layng, Jr. | |
| blayng@wlaynglaw.com | |

and upon the following and all interested parties listed on the attached matrix of the Court by depositing it in the US Mail in a properly addressed envelope with adequate postage attached.

| | |
|---|---|
| MidSouth Credit Union | Jeffrey Martinez |
| 4810 Mercer University Dr. | Ronna L. Martinez |
| Macon, GA 31210 | 213 Remington Ct. |
| | Byron, GA 31008-8615 |

This **5th** day of **September, 2017.**

 /s/ Danny L. Akin
Danny L. Akin
Attorney for Debtors
State Bar No. 006350

Akin, Webster & Matson, P.C.
P.O. Box 1773
Macon, GA 31202
(478) 742-1889
dlakin@akin-webster.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-5<br>Case 17-51040<br>Middle District of Georgia<br>Macon<br>Tue Sep  5 13:04:07 EDT 2017 | (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 | Fidelity Bank,<br>c/o William J. Layng, Jr.<br>2451 Cumberland Parkway<br>Suite 3477<br>Atlanta, GA 30339-6136 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | 5<br>433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 | American Anesthesiology Assoc. Of GA<br>PO Box 535728<br>Atlanta, GA 30353-5510 |
| American ProfessionalAssociates, LLC<br>75 Remittance Drive Suite 6653<br>Chicago, IL  60675-6653 | BB&T Loan Services<br>MC 100-50-02-57<br>PO Box 2306<br>Wilson, NC  27894-2306 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 | Belk/Synchrony Bank<br>Attn: Bankruptcy Dept<br>PO Box 965060<br>Orlando, FL  32896-5060 | Branch Banking And Trust Company<br>223 West Nash Street<br>Wilson, NC 27893-3801 |
| Capital One Retail Services<br>PO Box 30257<br>Salt Lake City, UT  84130-0257 | Central Georgia Radiation Oncology<br>800 1st St Ste 110<br>Macon, GA 31201-8395 | Chase Bank<br>PO Box 15298<br>Wilmington, DE  19850-5298 |
| Chase/Slate<br>PO Box 15298<br>Wilmington, DE  19850-5298 | Citi Card<br>PO Box 6500<br>Sioux Falls, SD 57117-6500 | Citi Cards<br>PO Box 6500<br>Sioux Falls, SD  57117-6500 |
| Comenity Capital Ban<br>Bankruptcy Dept<br>PO Box 183043<br>Columbus, OH  43218-3043 | Emory University Hospital<br>PO Box 403021<br>Atlanta, GA  30384-3021 | FIFTH THIRD MORTGAGE COMPANY<br>5001 KINGSLEY DRIVE<br>MD 1MOBBW<br>CINCINNATI  OH 45227-1114 |
| Fidelity Ban<br>First Bankcard<br>PO Box 2557<br>Omaha, NE  68103-2557 | Fidelity Bank<br>PO Box 105075<br>Atlanta, GA 30348-5075 | Fifth Third Bank<br>5050 Kingsley Dr<br>Cincinnati, OH  45227-1115 |
| First National Bank of Omaha<br>1620 Dodge Street, Stop code 3105<br>Omaha, NE 68197-0002 | GDSCC<br>2400 Bellevue Rd # 21A<br>Dublin, GA  31021-2890 | Georgia Cancer Specialists, P.C.<br>1835 Savoy Dr Ste 205<br>Atlanta, GA  30341-1073 |
| Healthcare Receivable Professionals Inc.<br>4901 Olde Towne Pkwy Ste 150<br>Marietta, GA  30068-5644 | Home Depot Credit Services<br>PO Box 790328<br>St. Louis, MO 63179-0328 | MBMS<br>PO Box 102263<br>Atlanta, GA  30368-2263 |

| | | |
|---|---|---|
| Medical Center Of Central Georgia<br>PO Box 9065<br>Macon, GA  31297-7399 | Medical Center/Navicent Healt<br>2490 Riverside Dr<br>Macon, GA  31204-1787 | Midland Funding LLC<br>Midland Credit Management, Inc<br>as agent for Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| Midsouth Community Federal Credit Union<br>4810 Mercer University Dr<br>Macon, GA 31210-6247 | NSH CIPS G<br>PO Box 935561<br>Atlanta, GA  31193-5561 | Northside Radiology Associates<br>1000 Johnson Ferry Rd<br>Atlanta, GA  30342-1606 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Patient Account Bureau<br>PO Box 279<br>Norcross, GA  30091-0279 | Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| U.S. Trustee - MAC<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201-7987 | Camille Hope<br>Office of the Chapter 13 Trustee<br>P.O. Box 954<br>Macon, GA 31202-0954 | Danny L. Akin<br>Akin, Webster and Matson, PC<br>544 Mulberry Street, Ste 400<br>P.O. Box 1773<br>Macon, GA 31202-1773 |
| Jeffrey Martinez<br>213 Remington Ct<br>Byron, GA 31008-8615 | Ronna Lynn Martinez<br>213 Remington Ct<br>Byron, GA 31008-8615 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Branch Banking & Trust Company<br>P. O. Box 1847<br>Wilson, NC | (d)BB&T<br>PO BOX 1847<br>WILSON, NC 27894-1847 | Bank Of America<br>PO Box 982235<br>El Paso, TX  79998-2235 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Fidelity Bank<br>c/o William J. Layng Jr<br>2451 Cumberland Parkway<br>Suite 3477<br>Atlanta, GA 30339-6136 | End of Label Matrix<br>Mailable recipients    43<br>Bypassed recipients     1<br>Total                  44 |

Case 17-51040    Doc 25    Filed 09/05/17    Entered 09/05/17 13:20:56    Desc Main
Document    Page 8 of 8